IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Jenkins,<br><br>            Plaintiff,<br><br>    v.<br><br>Andrew M. Saul,<br>Commissioner of Social Security,<br><br>            Defendant. | Civil Action No. 4:19-cv-00514-TLW<br><br>**Order** |

Plaintiff Willie Jenkins brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security, which was partially favorable to Plaintiff's claim for supplemental security income (SSI). ECF No. 1. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Thomas E. Rogers, III. ECF No. 24. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. *Id.* There were no objections filed to the Report. The matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. However, in the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory

1

committee's note).

In light of this standard, the Court has carefully reviewed the Report, the relevant filings, and the applicable law and notes that no objections to the Report were filed. The record shows that Plaintiff filed an application for SSI alleging an inability to work since August 16, 2015. ECF No. 9-2 at 28. The Administrative Law Judge (ALJ) found that Plaintiff suffered from the following severe impairments: mild degenerative disc disease of the spine; chondromalacia patella of the right knee; learning disorder with a moderate impairment in reading; unspecified depressive disorder; adult antisocial behavior; and malingering. *Id.* at 31. The ALJ found that Plaintiff was "not disabled prior to April 16, 2018, but became disabled on that date and has continued to be disabled" *Id.* at 29. In coming to this decision, the ALJ provided detailed discussion of the medical evidence in the record, including the opinion evidence of Drs. Moss, Koofoed, Korn, Leporowski, Clanton and Ward.

The ALJ found that prior to April 16, 2018, the Plaintiff could perform jobs that existed in sufficient numbers in the national economy, including bottle line attendant, bagger, and inspector/packer. *Id.* at 39. Beginning on April 16, 2018, the Plaintiff's age category changed to an individual of advanced age. *Id.* at 37. At that time, based on the Plaintiff's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the Plaintiff could perform. *Id.* at 39. Therefore, beginning on April 16, 2018, the Plaintiff was disabled under the Social Security Act.

In the Report, the Magistrate Judge included detailed analysis concluding that the decision of the ALJ is supported by substantial evidence. The Magistrate Judge determined that the ALJ cited to substantial evidence—including that the Plaintiff is able to independently care for himself and follow spoken and written instructions—to support the finding that the Plaintiff could not meet

all of the prongs of Listing 12.05B. ECF No. 24 at 17. Additionally, the Magistrate Judge determined that the ALJ cited to substantial evidence—including the Plaintiff's ability to navigate public transportation and to communicate and comprehend well—to support the finding that Plaintiff was not illiterate within the Commissioner's definition of illiteracy. *Id.* at 18–19.

Based on the foregoing review and in light of the fact that no objections to the Report have been filed, it is hereby **ORDERED** that the Report, ECF No. 24, is **ACCEPTED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Senior United States District Judge

August 4, 2020
Columbia, South Carolina

3